838 F.2d 467
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herston A. MILES, Petitioner,
v.
CENTRAL APPALACHIAN COAL COMPANY and Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 85-1251.
 United States Court of Appeals, Fourth Circuit.
 March 5, 1987.
 
 Ray E. Ratliff, Jr. (Kaufman and Ratliff, on brief), for petitioner.
 Timothy M. Miller (David L. Yaussy; Robinson & McElwee, on brief), for respondents.
 Before ERVIN and CHAPMAN, Circuit Judges and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Claimant Herston A. Miles appeals the decision of the Benefits Review Board affirming the order of the Administrative Law Judge (ALJ) denying benefits on a claim filed pursuant to the provisions of the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. (1986). The standard of appellate review from decisions of the Benefits Review Board is set forth in the Longshore and Harbor Workers' Compensation Act, which provides that the "findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole," 33 U.S.C. Sec. 921(b), incorporated by 30 U.S.C. Sec. 932(a) (1986). This standard of review is also clearly expressed in the Department of Labor Regulations. 20 C.F.R. 802.301. See Beavan v. Bethlehem Mines Corp., 741 F.2d 689 (4th Cir.1984).
 
 
 2
 Since the evidence indicates that Mr. Miles has worked for more than ten years in the coal mines, the Administrative Law Judge used the regulations promulgated under 20 C.F.R. Sec. 727.203 in evaluating the interim presumption of disability under 20 C.F.R. Sec. 727.203(a) based upon qualifying x-ray reports which stated that Miles suffered from pneumoconiosis. However, the ALJ found that the interim presumption of disability had been rebutted pursuant to 20 C.F.R. Sec. 727.203(b)(2) by proof offered by the employer that Miles was able to do his usual coal mine work. The ALJ based his decision upon the medical reports prepared by several doctors, including Dr. David J. Hendrick.
 
 
 3
 In his report, Dr. Hendrick stated that he found Miles to have negligible if any disability. In addition, the medical reports of other doctors submitted as evidence report little if any impairment of capacity for work. In evaluating whether evidence supports a finding of rebuttal under 20 C.F.R. Sec. 727.203, the ALJ is bound to look at all relevant medical evidence. Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986). It is clear that there is substantial evidence in the record to support the decision of the Benefits Review Board.
 
 
 4
 Appellants seek to argue that the rather disjointed opinion of the ALJ represents a decision under 20 C.F.R. Sec. 727.203(b)(3) rather than under 20 C.F.R. Sec. 727.203(b)(20. Although the ALJ's opinion is rather convoluted, he does consider all the evidence as he is required to do under Stapleton v. Westmoreland Coal Company. Furthermore, at the conclusion of his decision the ALJ states that Miles is able to do his usual coal mine work. The opinion of the Benefits Review Board was properly reasoned and we hereby affirm.
 
 
 5
 AFFIRMED.